(No. 13146.—Writ denied.)

THE PEOPLE *ex rel.* Gustav A. Albright *et al.* Petitioners,
   *vs.* FRANCIS G. BLAIR, State Superintendent of Public
   Instruction, Respondent.

*Opinion filed February 18, ·1920—Rehearing denied April 9, 1920.*

   1. MANDAMUS—*petitioner must show a clear right to writ.* A
writ of *mandamus* will issue only where the petitioner shows a clear.
legal right to the writ or shows a clear obligation on the part of
the party against whom the writ is sought to do the thing which
the petitioner seeks to have performed.

   2. SCHOOLS—*State superintendent cannot be compelled to pub-
lish revised price list under section 3 of act regulating sale of text
books.* Section 3 of the act for the adoption, sale and distribu-
tion of school text books, requiring the State superintendent to pub-
lish annually and send to each school district a list of books and
prices filed, in addition to the lists originally filed under the act,
does not make it the duty of the State superintendent to file in his
office and send to the districts revised lists of prices on books which
have been previously filed within the five-year period specified in
the act, as it is the intention of the act that the prices originally
quoted continue without increase during the five-year period.

ORIGINAL petition for *mandamus.*

WEST & ECKHART, and HARRY W. SHROYER, (WIL-
LIAM ROTHMANN, of counsel,) for petitioners.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE
N. BOORD, of counsel,) for respondent.

· Mr. JUSTICE STONE delivered the opinion of the court:

   Relators having obtained leave, filed in this court their
original petition for writ of *mandamus* praying that such
writ be issued, directed to the Superintendent of Public In-
·struction of this State, commanding him to accept, receive
and file in his office a sworn statement of ·the revised list
of prices of school books heretofore on November 8, 1919,
tendered to him; that he be directed to send a copy of said

list to the school authorities in each district of the State within thirty days after such filing and to publish the same in his annual publication of additional lists of school books and prices. The relators filed an original list as provided by an act entitled "An act to regulate the adoption, sale and distribution of school text books," approved June 27, 1917. (Hurd's Stat. 1917, p. 2761.) That act provides that no person shall offer any text book for adoption, sale or exchange in the State of Illinois until he shall have complied with certain conditions. Paragraphs 1 and 2 of section 1 of the act provide as follows:

"1. He shall file within thirty days after this act goes into effect copies of all text books and annually thereafter by the fifteenth day of July copies of all additional and different text books and copies of all supplementary and abridged and special editions of all text books sold by the company manufacturing such books, in the office of the State Superintendent of Public Instruction with a sworn statement of the usual list price, the lowest net wholesale price, and the lowest net exchange price at which said book is sold or exchanged for an old book on the same subject of like grade and kind but of a different series taken in part payment thereof.

"2. He shall file with the State Superintendent of Public Instruction a bond running to the People of the State of Illinois with a responsible surety company authorized to do business in the State of Illinois as surety thereon, in a penal sum to be determined by the State Superintendent of Public Instruction, not less than $2000 nor more than $10,000, conditioned as follows:" * * *

The act then provides as conditions to such bond that the person offering such books for sale in this State will furnish for five years any of the books listed in the statement as outlined in paragraph 1 of section 1 of the act, and for a like period any of the additional and different books and any of the supplementary and abridged and spe-

cial editions of all books listed in any statement filed by him within five years, to any school district or school corporation in the State of Illinois at the lowest net prices contained in the list filed, and that he will maintain the prices uniformly throughout the State. A further condition of such bond is that the person desiring to sell such books in this State will reduce the net prices in this State whenever reductions are made elsewhere in the United States, so that at no time shall any book listed be sold in this State at a higher net price than is received for such book elsewhere in the United States. The conditions of the bond further provide for the quality of the books printed, and that in case such person shall prepare any supplementary or abridged or special editions of any of the books so listed by him which shall be sold elsewhere at a net wholesale price listed in this State, such books shall be listed as required in this act by the State Superintendent of Public Instruction of this State. Section 3 of the act is as follows:

"Sec. 3. The State Superintendent of Public Instruction shall, within thirty days after the filing of any list and bond, send a copy of the list to the school authorities in each district in the State, and he shall annually publish and send to each school district in the State a copy of any additional lists then in force in his office."

Section 4 requires that the boards of education or boards of directors shall, upon the adoption of any of the books listed with the State Superintendent of Public Instruction, notify that official of any violations of any of the conditions contained in the bond. Section 6 of the act requires that boards of education or boards of school directors shall adopt such text books as are needed from those listed under the provisions of this act, and when so adopted by any board the same shall not be changed within five years.

The petition avers that the relators filed with the State Superintendent of Public Instruction copies of the text books published and for sale by them, together with a sworn

statement of the usual list price, the lowest net wholesale price and the lowest net exchange price at which each of said books was sold or exchanged for an old book; that thereupon the State superintendent determined the amount of bond to be given by the relators to be in the penal sum of $2000, which bond was given and surety approved. The petition, after setting out a copy of the list filed as required by the act, avers that one or more of the books published by the relators have been adopted by about twenty boards of education and boards of school directors, and that the relators have since such adoption supplied such text books to such boards of education at the prices set forth in a sworn statement filed by them, as shown in the list filed. Relators then aver that since the filing of their sworn statement there has been an extraordinary increase in the cost of all materials and labor which enter into the making of school text books; that such advance in cost was not at the time, and could not possibly have been, anticipated or expected; that such increase has been so great as to not only wipe out all profit which relators believed they could make on said text books listed at the prices therein named, but such as to involve at the present time a very considerable loss to them and other text book publishers, which advance in cost is set out in the petition. Relators then further aver that there are in the State of Illinois upwards of 11,800 boards of education and boards of school directors having power to purchase or recommend the purchase of school text books, who may, under the provisions of the act, at any time within five years, adopt one or more of the text books published and sold by relators and thereby acquire the right to purchase from the relators such text books at the prices set forth in the list filed during a period of five years from and after July 31, 1917; that the prices shown in the official list filed under the act were based on the cost of labor and materials as it was at that time,—that is, at or about July 31, 1917,—and that at that time under such cost the relators

were able to sell their text books at a moderate profit to themselves, but that at the present time neither the relators nor other publishers can sell the books listed at the prices therein named without very serious loss to themselves. The petition further avers that on November 8, 1919, they prepared a sworn statement, together with a new and revised price list of text books published and sold by them, which they tendered to the State superintendent, with a letter announcing that they thereby withdrew the prices quoted prior to that time and requested that he publish the new list containing the new and revised prices in place of the ones then on file, which the State superintendent refused to do. The petition shows that the prices shown on the revised list are greater than the prices for the same books set forth in the sworn statement and list filed on or about July 31, 1917, but that such increase in price is not more than sufficient to give the relators a reasonable profit in the manufacture and sale of said books at the present time. Relators then further aver in their petition that they stand ready and willing to supply the text books published by them at the prices shown in the list originally filed to all such boards of education, boards of school directors, dealers and others with whom they have valid contracts for the purchase and sale or exchange of any such text books; that they are ready and willing to keep in force such contracts for the period specified in the act at the prices shown in the list originally filed. The petition then avers that said act of the legislature, in so far as it purports to require them and other publishers to keep in force for five years the prices listed in July, 1917, regardless of changed conditions, and to furnish such books at such prices to other school directors, dealers and others during such period, is contrary to the constitution. The petition then finally avers that under and by virtue of section 3 of the act in question it was the duty of the State superintendent to accept, receive and file in his office the sworn statement and revised list of prices tendered

to him by relators on November 8, 1919, to send a copy of said list to the school authorities in each district in the State within thirty days thereafter, and to include such list with the copies of additional lists which the State superintendent is required by said section of the act to publish annually and to send to each school district in the State, and that the State superintendent refused so to do. The defendant, Francis G. Blair, State Superintendent of Public Instruction, filed a general demurrer to the petition for writ of *mandamus.*

The rule is well settled in this State that the writ of *mandamus* will not issue unless the petitioner shows a clear legal right to the writ, or unless the party applying for it shows a clear obligation on the part of the party against whom the writ is sought, to do the thing which the petitioner seeks to have performed. It will not be awarded in a doubtful case, but only where the right of the relator is clear and undeniable and the party sought to be coerced is bound to act. (*People* v. *Hatch,* 33 Ill. 9; *People* v. *Kohlsaat,* 168 id. 37; *Yates* v. *People,* 207 id. 316; *People* v. *McCullough,* 210 id. 488; *People* v. *Rose,* 225 id. 496; *People* v. *Busse,* 248 id. 11; *People* v. *Brentano,* 259 id. 359.) The only averment in the petition by which it is attempted to say that the defendant here was under any obligation or duty to receive, file and publish the list tendered him on November 8, 1919, is the statement herein referred to, that the State Superintendent of Public Instruction was under and by virtue of section 3 of the act in question required so to do. It is evident from a reading of the act that the legislature intended that a certain list of school books and prices should be and remain in force in this State for a period of five years from the date of the filing of the list, which is required by the act to be filed within thirty days after the act went into effect. This is further manifested by the provision in section 6 that boards of education and boards of school directors are required to adopt

text books from the list filed under the provisions of this act, and that such text books, when once adopte l by any such board, shall not be changed within five years but shall be used exclusively in such schools.   Section 3 makes it the duty of the State Superintendent of Public Instruction to send, within thirty days after the filing of such list and bond, a copy of this list to the school authorities in each district and to annually publish and send to each school district a copy of any additional list in force.

It is the contention of the relators that the provision in section 3 gave them authority to submit an additional list containing the same books but for different prices, and that it is the duty of the State Superintendent of Public Instruction to receive and file the same and to send a copy thereof to the school authorities of the State.   There is nothing in the act which will bear such construction.   By paragraphs 1 and 2 of section 1 of the act anyone desiring to sell books to the school districts or incorporated schools of the State must file such list of books and the prices thereof, together with the bond conditioned as required in the act.   It is clear that it was the intention of the legislature that this list should, as shown by the bond, continue without increase of the prices there quoted for a period of five years, and that the words "additional lists," in section 3, refer only to those lists of new books or supplementary, abridged and special editions of the text books listed which such party may desire to sell in the State.   This is evidenced by the provision in paragraph 1 requiring that such person desiring to sell text books in this State shall file "annually thereafter by the 15th day of July copies of all additional and different text books and copies of all supplementary and abridged and special editions of all text books sold by the company manufacturing such books."   The lists, therefore, which the State Superintendent of Public Instruction is required to receive and file and of which he is required to send a copy to school authorities and to pub-

lish annually, are, first, the list to be filed within thirty days after the act in question becomes effective; and second, such additional lists as the statute provides shall be annually prepared and tendered to him. The list here presented by relators does not come within any provision of the act but is a list of the same books, in which relators seek to change the prices at which the same are to be sold. This would violate one of the fundamental provisions of the act,—*i. e.,* that the prices shall not be advanced or books withdrawn within a period of five years.

It is obvious, therefore, that there was no duty resting upon the State Superintendent of Public Instruction under section 3, nor under any other section of the act, to receive and file the sworn statement and list offered to him by the relators on November 8, 1919, nor to send a copy of the same to the school authorities of the State, and the averment in the petition that such was his duty was purely a conclusion of law, which does not aid in rendering the petition sufficient. We are of the opinion, therefore, that the petition did not present grounds for awarding the writ of *mandamus.*

Under the views herein expressed it does not become necessary to pass upon the objection that the act is unconstitutional, as that fact, if it were a fact, would not give to relators the right here sought. Even if the act were held unconstitutional, such fact would not impose upon the State superintendent any duties not set out in the act or in some valid law of the State. There is nothing in the petition averring any duty on the part of the State superintendent under any law other than the act in question. Therefore the demurrer should be sustained and the writ denied.

*Writ denied.*