Bernard McDevitt, Appellant, v. Nicholas R. Finn
et al., Appellees.

Gen. No. 32,151.

Opinion filed April 3, 1928.

GALLAGHER, SHULMAN, ABRAMS & HENRY, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, JAMES
W. BREEN, First Assistant Corporation Counsel, and
FRANCIS J. VURPILLAT, Assistant Corporation Counsel,
for appellees.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

In plaintiff's amended petition for mandamus, filed
March 30, 1927, against the three civil service commissioners of the city of Chicago, and A. A. Sprague, as
commissioner of public works, he prayed that the writ

issue, commanding the civil service commissioners to certify him "as the only person eligible for the third vacancy for the position of District Superintendent" of the water pipe extension division of the bureau of engineering, existing on October 28, 1925, and that the commissioner of public works "be directed to permit petitioner to have the position of District Superintendent as of the date of said wrongful refusal to the certification and appointment of him to that position." On April 25, 1927, the court sustained respondents' general demurrer to the petition and, plaintiff electing to stand by it, dismissed the petition, and entered judgment against him for costs. This appeal followed.

In the petition it is alleged in substance that plaintiff is, and has been since 1898, employed in the classified service of said city as foreman in the water pipe extension division; that under the ordinances of the city it is required that only such persons are qualified for the position of district superintendent of said division as are certified by the civil service commission and who have passed a "promotional" examination; that on September 29, 1925, the commission held such an examination and declared plaintiff eligible to take it; that plaintiff successfully passed it, being third in a list of five who obtained a grade of over 70 per cent, and that on October 28, 1925, his name was posted in the rooms of the commission as having successfully passed it and being third in rank on the list; that there existed "three vacancies" for the positions of district superintendents, and the commissioner of public works had requested the civil service commission "to certify three names for said position"; that accordingly, under date of October 28, 1925, the commission in writing certified to said commissioner, in one letter, the names of three persons "standing next in order for promotion," D. W. Anglim, B. W. Cullen and plaintiff, and that on the same day said commissioner appointed said Anglim, "who was first in grade," to the office of dis-

trict superintendent and refused to appoint plaintiff; that in another letter, written on the same day and "for the purpose of preventing plaintiff from being appointed to said position," the commission, "in conspiracy with said Commissioner of Public Works," certified to said commissioner the names of three persons "standing next in order for promotion," viz, said Cullen, plaintiff and one John T. Garrity, and that on the same day the commissioner appointed Cullen; that on the same day, "there being a third vacancy open for the office of district superintendent," the commission, "in furtherance of the conspiracy and scheme to deprive plaintiff of the position," sent a third communication to said commissioner in which it certified the names of three persons, "standing next in order for promotion," viz, plaintiff, said Garrity and one John Costello, and that said commissioner did not appoint plaintiff to the position, "but appointed one who was lesser in rank than plaintiff"; that in the list of names in said last communication plaintiff's name appeared as first in rank for the office wherein there was a vacancy; that plaintiff then demanded of the commissioner that he be appointed to the office and to fill the vacancy, and has since made other and repeated demands, but that the commissioner has refused each and all of the demands, and that the certifications, in the manner as above alleged by said commission, "were done for the sole purpose and intent to deprive plaintiff from the position to which he was entitled and were illegal and contrary to the statute made and provided."

We are of the opinion that the circuit court did not err in sustaining the demurrer to plaintiff's petition and dismissing it at plaintiff's costs. There are no *facts* stated disclosing that any conspiracy existed between the commission and the commissioner of public works to prevent plaintiff being promoted to the higher office which he sought. We fail to find that any of the

acts of either, as stated, are contrary to the provisions of the Civil Service Act, relating to cities. In section 10 of that act, Cahill's St. ch. 24, ¶ 694, it is in part provided: "The appointing officer shall notify said commission of *each* position to be filled *separately,* * * *." In section 9 of the act, Cahill's St. ch. 24, ¶ 693, relative to "promotions" it is in part provided: "All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination; and it shall be the duty of the commission to submit to the appointing power the names *of not more than three* applicants *for each promotion* having the highest rating. The method of examination and the rules governing the same, and the method of certifying, shall be the same as provided for applicants for original appointment." Plaintiff's bill discloses that in September, 1925, he was foreman in the water pipe extension division; that he took and passed the prescribed promotional examination for the position of the higher office of district superintendent of the division, made up of several districts requiring a superintendent for each; that he was third on a list of five persons eligible for the positions, and that in October, 1925, there were vacancies in three of them. The bill does not disclose the written request that the commissioner of public works made upon the commission, but merely alleges that he "requested" that the commission certify to him "three names for said position." Without regard to the necessity of said commissioner sending to the commission a separate request for *each* promotion to be made, we think it clear, in view of the provisions of the act above mentioned, that the commission properly certified a list of three names for one promotion, and, an appointment having been made of one of the three submitted, properly certified another list of three names for another promotion, and so on. And we think that of each list submitted the commissioner of

public works was clothed with the discretion of choosing from the list for appointment any one of the three persons named. Having such discretion, while he may be compelled to act, he cannot by *mandamus* be compelled to act in a particular manner. (*People v. Webb,* 256 Ill. 364, 373.) Furthermore, plaintiff not having shown in his petition a clear right to the writ as prayed for, the court was fully justified in entering the judgment appealed from, as such a writ is never awarded in a doubtful case. (*People v. Busse,* 248 Ill. 11, 16; *People v. Blair,* 292 Ill. 139, 144.)

The judgment of the circuit court should be affirmed and it is so ordered.

*Affirmed.*

Barnes, P. J., and Scanlan, J., concur.