**People of State of Illinois ex rel. John J. Foley, Appellee, v. John C. Prendergast, as Commissioner of Police of City of Chicago et al., Appellants.**

**Gen. No. 45,330.**

Opinion filed December 10, 1951. Rehearing denied January 7, 1952. Released for publication January 7, 1952.

JOHN J. MORTIMER, Acting Corporation Counsel, of Chicago, for appellants; L. LOUIS KARTON, Head of Appeals and Review Division, and SYDNEY R. DREBIN, both of Chicago, of counsel.

MULCAHY, MURPHY & DIERINGER, of Chicago, for appellee; MICHAEL F. MULCAHY, and HENRY W. DIERINGER, both of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendants, the Commissioner of Police, members of the Civil Service Commission, Mayor, Treasurer, Comptroller and Clerk of the City of Chicago, appeal from a judgment in a mandamus proceeding ordering that a peremptory writ of mandamus issue herein directed to the members of the Civil Service Commission commanding them to forthwith certify to the Commissioner of Police the name and address of plaintiff John J. Foley as eligible for and entitled to promotion and appointment to the office and position of Sergeant in the Department of Police of the City of Chicago, and commanding and directing the defendant Commissioner of Police to forthwith appoint and assign to proper duty the plaintiff as Sergeant of Police in the Department of Police of the City of Chicago, etc.

Plaintiff, a patrolman in the classified civil service of Chicago, passed a promotional examination for sergeant of police. The eligible list was posted June 9, 1938 and is still in force. As to plaintiff's relative position on the list, he alleges and defendants admit that his ''original standing on said Sergeant's list was #669 and his original grade was 73.86; that when the list was revised to allow for military credits for those persons who served in World War I, plaintiff's standing was then #753; that plaintiff's standing at the present time (June 1, 1949) is #48.'' In 1947 sec. 10½ of the Cities Civil Service Act (Ill. Rev. Stat. 1949, chap. 24½, par. 49 [Jones Ill. Stats. Ann. 23.050]) was amended to give additional credit to persons who had served in World War II. Pursuant to this amendment the Commission gave additional credits to veterans of that war. As a

236

result 70 persons who originally stood lower than plaintiff were advanced and promoted over him. The amendment under which this action was taken was later declared to be unconstitutional. *People ex rel. Duffy v. Hurley*, 402 Ill. 562. In *People ex rel. Hurley v. Graber*, 405 Ill. 331, the court held that the Commission could not demote or cancel the appointment of veterans to whom the additional credit had been erroneously given. As recited in the judgment order entered July 1, 1949, 637 sergeants have been appointed from the list, including 70 persons who were advanced and promoted over plaintiff, and in addition 57 persons whose names appeared on the revised list ahead of plaintiff's name were separated from the Department of Police before appointment or promotion to the position of sergeant. In other words, 624 persons rightfully ahead of plaintiff on the eligible list have been taken from the list by promotion or separation from the Department of Police. Plaintiff's standing on the list is determined by his position after credits were given for World War I. Not less than 47 persons are eligible for certification for appointment ahead of plaintiff. The order further recites that there are five vacancies in the rank of sergeant. Defendants' motion to vacate the judgment order was continued until ten days after the final decision of the Supreme Court in *People v. Graber, supra*. June 1, 1950 this motion was denied. June 27, 1950 the court denied defendants' motion to vacate the orders of June 1, 1950 and July 1, 1949. Defendants appeal.

■■ Section 10 of the Cities Civil Service Act provides:

''The head of the department or office in which a position classified under this act is to be filled shall notify said commission of that fact, and said commission shall certify to the appointing officer the name and address of the candidate standing highest upon the register for the class or grade to which said posi-

tion belongs, . . . The appointing officer shall notify said commission of each position to be filled, separately, . . . ."

Where the vacancy is to be filled by promotion, section 9 provides:

". . . and it shall be the duty of the commission to submit to the appointing power the names of not more than three applicants for each promotion having the highest rating."

Under Rule IV, section 1 of the Commission:

"Where vacancies are to be filled from the promotion register the commission shall certify to the appointing officer the names of the three standing highest on such register, and where there are less than three names thereon the commission shall certify same to the appointing officer, who shall appoint one of those so certified."

Section 9 has been construed by the Second Division of this court in *People ex rel. Lynch v. City of Chicago,* 271 Ill. App. 360, at page 371, as follows:

"Furthermore, inasmuch as the position of sergeant of police is a promotional one, it is governed by section 9 of said act, Cahill's St. ch. 24, par. 693, one of the provisions of which is that, 'it shall be the duty of the commission to submit to the appointing power the names *of not more than three* applicants *for each promotion* having the highest rating.' This is authority for the commission to submit the names of *three* applicants for *each* promotion, so as to give a discretion to the appointing power as to which of the three shall be appointed. (See *McDevitt v. Finn, supra.*) And, clearly, under these provisions of the section, the commission should not be compelled to certify the name of but *one.*"

In respect to the right of the appointing power to select any one of the three persons on the list, the same court in *McDevitt v. Finn,* 248 Ill. App. 339, where three vacancies were to be filled, said (342–343):

". . . we think it clear, in view of the provisions of the act above mentioned, that the commission properly certified a list of three names for one promotion, and, an appointment having been made of one of the three submitted, properly certified another list of three names for another promotion, and so on. And we think that of each list submitted the commissioner of public works was clothed with the discretion of choosing from the list for appointment any one of the three persons named. Having such discretion, while he may be compelled to act, he cannot by *mandamus* be compelled to act in a particular manner. (*People v. Webb,* 256 Ill. 364, 373.)"

Under the Cities Civil Service Act, notification by the appointing power of a vacancy to be filled is a prerequisite to the certification by the Commission of a name or names for the position to be filled. The appropriation ordinances of the City of Chicago for 1949 and 1950 provided:

"Section 5. . . . In case of a vacancy in any office or position herein appropriated for, the head of the department in which any such vacancy occurs shall not be required to fill such office or position if in his judgment and discretion there is no necessity therefor."

In the absence of these provisions the Commissioner of Police would be under no duty to fill a vacancy in the position of sergeant merely because an appropriation had been made for the position. The courts, therefore, cannot compel the Commissioner of Police to take steps to fill any vacancy in the position of

sergeant, and, in the absence of notice from the Commissioner of Police, cannot compel the Civil Service Commission to certify names for the position. If notices were given for the filling of the five vacancies found to exist when the judgment order was entered, plaintiff would not be entitled to have his name certified.

The judgment is reversed and the complaint dismissed at plaintiff's cost.

*Reversed and complaint dismissed at plaintiff's cost.*

BURKE, P. J. and FRIEND, J., concur.