THE PEOPLE *ex rel.* PETER J. VLAHAKIS, Plaintiff-Appellant, *v.* EDWARD V. HANRAHAN, State's Attorney of Cook County, *et al.*, Defendants-Appellees.

(No. 56880; ▮▮▮▮▮▮▮

First District—November 2, 1972.

Peter J. Vlahakis, *pro se.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Vincent Bentivenga, Jr., and Fredric B. Weinstein, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, *pro se,* brought an action in *mandamus* to compel the State's Attorney of Cook County to commence certain criminal proceedings. The trial court entered an order granting the State's Attorney's motion to dismiss the petition for the writ of *mandamus,* and petitioner appeals.

Petitioner originally brought the appeal to the Supreme Court, and that court transferred the cause to this court. The facts may be set forth briefly.

In his petition for a writ of *mandamus,* petitioner alleged that he left certain valuable personal property to be removed by acquaintances when he vacated his apartment, but that the owners or their agents changed the locks to the apartment, moved the property to the basement of the premises and refused to permit its removal. Petitioner further charged that he was promised return of the property upon payment of a certain sum of money, but that after he tendered the money the property was not released. After receiving information from the petitioner, the State's Attorney contacted the owners and conducted a hearing, but took no further action. The petition set forth the definition of a criminal act, and recited that it was the State's Attorney's duty to prosecute all civil and criminal actions in which the people of the County were concerned. The petition concluded with the prayer that the State's Attorney be directed to use his authority to compel the owners to return petitioner's property.

Because the instant petition on its face is insufficient to establish a right to *mandamus,* it is unnecessary to consider the State's Attorney's argument that *mandamus* will not lie to compel him to commence a criminal proceeding.

■■ The writ of *mandamus* is a summary writ issued from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty to which the petitioner is entitled as a matter of right and which the party owing the duty has failed to perform. (*Fergus v. Marks,* 321 Ill. 510, 152 N.E. 557.) *Mandamus* is not a writ of right but is to be awarded in the sound discretion of the court and should not be issued unless the petitioner shows a clear legal right to have the thing sought to be done and by the person sought to be commanded. (*Lenit v. Powers,* 120 Ill.App.2d 411, 257 N.E.2d 142.) A petitioner seeking a writ of *mandamus* to command an officer to perform a duty must show a clear right to the relief asked by allegation of specific facts. (*People ex rel. Thomas v. Board of Education of City of Chicago,* 40 Ill.App.2d 308, 188 N.E.2d 237.) Petitioner must also show a duty on the part of the respondent by allegations of material facts; mere conclusions will not suffice. *People ex rel. McGrady v. Carmody,* 104 Ill.App.2d 137, 243 N.E.2d 19.

■■ In the instant case, the allegations contained in the petition do not show that petitioner has established a clear right to the extraordinary remedy of *mandamus.* The petition does not set forth material facts pertaining to the right of *mandamus,* but consists primarily of conclusions of law and unsupported opinions of petitioner. The petition is not only

deficient in showing a clear right on the part of the petitioner, but it also fails to show any breach of duty on the part of the State's Attorney. The trial court correctly dismissed the petition. The order of dismissal is affirmed.

Order affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.