THE PEOPLE ex rel. HAMER et al., Plaintiffs-Appellants, v. BOARD OF EDUCATION OF SCHOOL DISTRICT No. 113, Defendant-Appellee.

(No. 73-105;

Second District—September 24, 1974.

*Rehearing denied October 15, 1974.*

Paul E. Hamer, *pro se.*

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, (Henry D. Fisher, and Jay J. Johnston, of counsel), for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

We review the order of the trial court dismissing plaintiffs' second amended complaint and denying leave to file a proposed amendment. The

second amended complaint alleged in substance that the plaintiffs were taxpayers and property owners in the defendant school district who were damaged by the wrongful investment of public funds by the district authorities. Count I sought a declaratory judgment; Counts II and IV sought a writ of mandamus and Count III sought a writ of injunction.[1]

In the challenged ruling, the trial court specifically found as to Count I that plaintiffs failed to allege any facts upon which a claim to relief could be predicated and that plaintiffs had no standing to sue for the declaratory relief requested. As to the mandamus Counts II and IV, the court held that they were filed in direct violation of its previous order regarding the first amended complaint which excepted from the leave to amend all allegations concerning mandamus. The court also found that plaintiffs failed to state a cause of action for mandamus. As to Count III, the court found that plaintiffs had no standing to sue for the injunctive relief requested; and that insufficient facts were alleged to state a cause of action.

On appeal plaintiffs contend that they have standing to institute the litigation; that the second amended complaint states a cause of action; that the trial court deprived them of a right to a remedy guaranteed by the Illinois Constitution; and that the court erred in refusing further amendments and otherwise erred in ruling on the pleadings.

By its motion to dismiss defendant admitted all well pleaded facts. (*Zanbetiz v. Trans World Airlines, Inc.* (1966), 72 Ill.App.2d 192, 199.) With this overriding principle in mind, we consider the questions raised in relation to the separate counts of the complaint.

COUNT I—DECLARATORY JUDGMENT.

In Count I the plaintiffs allege in substance that they are citizens of the state and residents of the defendant district as well as the owners of property situated in the district and taxpayers therein; that during the period from July 2, 1968, to January 1, 1969, the district, disregarding the Local Government Act (Ill. Rev. Stat. 1969, ch. 85, par. 902), invested all of their public funds in various securities which matured or were redeemable on dates long after the dates when the district knew they would be required for expenditure, arbitrarily assigning the investments to certain funds, *i.e.*, education, building, etc., without regard to the funds for which the tax monies were collected; and diverting the funds from one account to another, and comingling funds; that the district issued tax-anticipation warrants at a time when it had money in the

---

[1] A further count (Count V) in the first amended complaint for quo warranto was severed for trial. The trial court dismissed the action and we affirmed in *People ex rel. Hamer v. Board of Education* (1971), 132 Ill.App.2d 46.

treasury in the form of these securities; that the manipulation of the public funds by investing all of the tax monies in notes and securities when the funds should have been used to defray the necessary expenses of the district is a wrongful diversion of public funds and

"15. That there is on deposit in the Tranportation Fund FNMA note with a maturity value of $50,000.00, Exhibit 'C' that since the filing of this suit, the DISTRICT has levied a tax for the Transportation Fund in excess of its actual financial needs, since sufficient funds were on hand in the fund in the form of notes, bills and other securities to defray the necessary expenses accruing to the Transportation Fund; that this matter was called to the attention of the DISTRICT and that thereafter, the DISTRICT did reduce the tax levy for the Transportation Fund by $90,000.00, resulting in a savings to the taxpayers of the DISTRICT."

The plaintiffs state the purpose of the litigation is to assure that tax-anticipation warrants are issued only when needed in the amount needed. They pray that the court declare that funds not required to be expended within a period of 90 days from and after the date of the investment be used to purchase securities which shall mature or be redeemable prior to the time when the public funds so invested will be required for expenditure by the district.

■■ On defendant's motion to dismiss the trial court agreed with defendant's contentions and held that plaintiffs did not have standing to sue for declaratory relief. In our view the trial court erred and plaintiffs do have standing to litigate in the public interest. A citizen and taxpayer, as beneficiary, has the right and therefore "standing" to force public bodies to comply with their public trust, without alleging and proving special damage to his property or interest different in degree and kind from that suffered by the public at large. *Paepcke v. Public Building Commission* (1970), 46 Ill.2d 330, 341. See also *People ex rel. Naughton v. Department of Public Aid* (1973), 12 Ill.App.3d 43, 49-50.

It does not necessarily follow, however, that the trial court erred in dismissing the declaratory judgment. To state a cause of action the plaintiffs were required to allege facts which would entitle them to the relief sought. While it was not necessary to state facts to show that they suffered a special damage different in degree or kind from that suffered by taxpayers generally, it was necessary to state facts which demonstrated an injury to the legal interests which comprise the public trust.

The complaint in Count I falls far short of alleging such injury and it was properly dismissed for failure to state a cause of action in declaratory judgment. The gist of plaintiffs' complaint is found in the conclusionary charge that tax-anticipation warrants are issued and funds

manipulated in a manner which results in additional tax burden on the plaintiffs. The facts pleaded, however, do not support this conclusion. Paragraph 15 of Count I which we have quoted in full above contains the only factual allegations which we have found in the count regarding the levy of taxes. And the allegations merely show that the tax levy in the transportation fund, there referred to, was in fact reduced, thus resulting in a tax saving.

■■ In other allegations in Count I (paragraph 11), plaintiffs state a conclusion that the issuance of tax-anticipation warrants for a longer period than is actually required results in the unnecessary expenditure of public funds due to the interest being paid on said warrants for a longer period of time than is actually required. But there are other allegations in Count I that the district, in fact, profited by the issuance of tax-anticipation warrants to the extent that it invested in securities which yielded a higher interest than the district paid on the warrants issued. Additionally, in oral argument counsel for the plaintiffs conceded that no injury could be shown by the issuance of the tax-anticipation warrants. This is, of course, true since tax-anticipation warrants are issued only against taxes already levied. *People ex rel. Toman v. M. Born & Co.* (1940), 373 Ill. 490, 493. See also *People ex rel. Hamer v. Board of Education,* 132 Ill.App.2d 46, 49-50.

Plaintiffs' counsel further conceded in oral argument that the only injury he claims resulted from the fact that the district levied for taxes for the transportation fund at the maximum allowable rate under the law without consideration of the $50,000 long-term bond held in the transportation fund. He concludes that the taxpayers were thereby required to pay more taxes than were necessary to defray the expenses for which the fund was established. But no such allegations are found within the complaint. And, in absence of a direct attack on a levy of taxes, it is doubtful that any such allegations could be factually sustained since the management of district funds and reserves is a matter left largely to the discretion of school boards. See *People ex rel. Hamer v. Board of Education,* 132 Ill.App.2d 46, 49-50.

■■ The accepted standard for the granting declaratory relief is whether under the facts alleged there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment. (*Farmers Oil & Supply Co. v. Illinois Central R.R. Co.* (1972), 6 Ill.App.3d 965, 968.) Under the pleadings, the trial court correctly found that the plaintiffs had not alleged sufficient facts to show the injury to a legal interest required to establish the requisite justiciability of a cause of action for declaratory judgment.

COUNT III—INJUNCTION.

Count III of the complaint repleads the allegations of Count I with some additional allegations which we deem either not to be material here or cumulative. The plaintiffs pray in this count that the district be enjoined from issuing tax-anticipation warrants in an amount greater than is necessary to defray the estimated necessary expenses of the district and for other relief essentially the same as prayed in the declaratory judgment count.

■■ Similarly, we must conclude that no facts have been stated in the pleadings sufficient to set forth injury to the public as a basis for the granting of injunctive relief. (See *Malkin v. City of Chicago* (1955), 6 Ill.App.2d 151, 154-5; *Walgreen Co. v. American National Bank & Trust Co.* (1972), 4 Ill.App.3d 549, 556.) The trial court therefore properly dismissed Count III for failure to state a cause of action.

COUNTS II and IV—MANDAMUS.

In Count II of the second amended complaint, plaintiffs incorporate several paragraphs originally stated in Count I of the original complaint. The trial court's order dismissing their original complaint denied plaintiffs leave to amend the mandamus count.

Defendant contends that plaintiffs have waived the right to appeal from that order by filing an amended complaint; and that further pleadings in mandamus are therefore a nullity. No authority has been cited for this argument under the circumstances here and we know of none. An amendment which refers to or adopts portions of a prior pleading to the extent herein includes the adopted portion as a part of the record on review. (See *Bowman v. County of Lake* (1963), 29 Ill.2d 268, 272.) We will therefore disregard the order of the trial court to the extent that its dismissal of Count II of the second amended complaint was predicated on a violation of its order denying leave to amend the mandamus count; and our review of the propriety of the order will be limited to determining whether plaintiffs stated a cause of action in mandamus.

■■ A writ of mandamus will not issue unless the petitioner shows a clear legal right to the writ and a clear obligation on the part of the party against whom the writ is sought to perform the acts which the petitioner seeks to have performed; and it will not be awarded in a doubtful case. (*People ex rel. Albright v. Blair* (1920), 292 Ill. 139, 144; *People ex rel. Vlahakis v.Hanrahan* (1972), 8 Ill.App.3d 313, 314.) The grant or refusal of this extraordinary writ rests within the sound discretion of the court. (*White v. Board of Appeals* (1970), 45 Ill.2d 378, 382.) The benefit of the doubt will extend in favor of the officer and where the performance of an official duty or act involves the exercise of judgment

or discretion; and an officer cannot ordinarily be controlled with respect to the particular action he will take in the exercise of his discretion. *MacGregor v. Miller* (1926), 324 Ill. 113, 118.

■■ Here, the plaintiffs seeking mandamus face the difficult task of alleging facts which would clearly establish that the defendant abused its discretion by its procedures in investing funds and issuing tax anticipation warrants; mere conclusions will not suffice. *People ex rel. Vlahakis v. Hanrahan*, 8 Ill.App.3d 313, 314.

Count II in substance alleges that the school board invested in securities, creating a financial crisis which it surmounted by the issuance of tax-anticipation warrants. Count IV repeats the allegations contained in Count I of the second amended complaint and in substance further alleges the breach of the duties of the board to issue only the amount of warrants required to defray the necessary expenses of the district and to invest only those funds not required to be expended in a 90-day period in securities which will mature prior to the time the invested funds will be required for expenditure. The plaintiffs pray that the writ of mandamus be issued to command the district to utilize tax monies to defray the necessary expenses of the district before tax-anticipation warrants are issued and to force compliance with all applicable provisions of the law regulating school-board investments. Ill. Rev. Stat. 1971, ch. 85, par. 902.

■■ We have previously recognized that the statute which empowers public agencies to invest funds (now Ill. Rev. Stat. 1973, ch. 85, par. 902) upon which plaintiffs rely, is not a precondition to the power to invest, but rather a direction of the manner of the exercise of the board's authority, involving a broad grant to discretion. (*People ex rel. Hamer v. Board of Education*, 132 Ill.App.2d 46, 50.) We further held that the court is not in the position to step into the shoes of the board to examine its decisions regarding the necessity of the issuance of tax-anticipation warrants (page 49).

■■ In our view plaintiffs' allegations in Counts II and IV do not meet the requirements of pleading a clear right to the writ of mandamus and of alleging a clear breach of duty by the defendant. These counts were therefore properly dismissed for failure to state a cause of action.

Plaintiffs next contend that if we uphold the dismissal of their complaint they have been denied all right to a remedy guaranteed under article I, section 12, of the 1970 Illinois Constitution. The argument has no application here. Where a complaint fails to state a cause of action, the dismissal involves no deprivation of constitutional rights. *Belmar Drive-In Theatre Co. v. Illinois State Toll Highway Commission* (1966), 34 Ill.2d 544, 552; *Zamouski v. Gerrard* (1971), 1 Ill.App.3d 890, 898.

We have also given careful attention to plaintiffs' final attention that

the trial court erred in refusing to permit an amendment to the complaint. The order of dismissal states that leave is denied to file any further amendments of the pleadings. But except for the implication from the language of the order, the record is devoid of any evidence of a motion by plaintiffs to amend.

Plaintiffs did file a motion to modify, reconsider and vacate the order of dismissal. The whole import of this motion, however, was to point out the alleged errors of the court in ordering a dismissal with references throughout to what the court allegedly overlooked. The prayer of the motion did not ask to amend the pleadings and the record does not show that plaintiffs either proffered a proposed amendment or moved to amend.

Even in oral argument before this court, plaintiffs' counsel has not suggested any amendment to the pleadings which would be curative of the defects which support the conclusion that no cause of action has been stated. In the nature of plaintiffs' various complaints, it is not apparent to us that plaintiffs could show any injury or any deprivation of their rights sufficient to state a cause of action. We therefore have no basis for determining that the trial court abused its discretion in denying leave to amend the second amended complaint. See *Bowman v. County of Lake*, 29 Ill.2d 268, 281-282; *Stevenson v. Maston* (1969), 107 Ill.App.2d 65, 70.

For the reasons stated we affirm the judgment of the trial court which dismissed plaintiffs' second amended complaint.

Affirmed.

T. MORAN, P. J., and RECHENMACHER, J., concur.