**People of the State of Illinois ex rel. D. A. McGrady, Petitioner-Appellant, v. Thomas P. Carmody, State's Attorney, Macoupin County, Illinois, Defendant-Appellee.**

Gen. No. 11,016.

Fourth District.

December 30, 1968.

McGrady and Madden, of Gillespie, for appellant.

Thomas P. Carmody, of Carlinville, for appellee.

MATHERS, J.

This is an appeal from an order of the Circuit Court of Macoupin County dismissing an amended complaint seeking: (1) The issuance of a Writ of Mandamus compelling Thomas P. Carmody, State's Attorney of that county to seek the levy of a fine and costs against one, Hal Redfern, and, (2) To file necessary legal proceedings to recover monies paid to the said Hal Redfern during the time he served as Superintendent of Highways of Macoupin County.

In August of 1962 Hal Redfern was appointed as County Superintendent of Highways of Macoupin County by the County Board of Supervisors and served until ousted from this office by order of this court on January 10, 1966.

On August 4, 1967, petitioner filed a complaint for Writ of Mandamus. Motion to dismiss the complaint was granted on November 6, 1967.

Petitioner filed an amended complaint on November 14, 1967, and defendant again filed a motion to dismiss, alleging that: (1) The amended complaint did not set forth a specific duty which the defendant can be compelled to perform by mandamus; (2) That mandamus will not lie to compel the discretionary act of the State's Attorney; (3) That the amended complaint did not allege sufficient facts to predicate the issuance of a Writ of Mandamus; (4) That mandamus is not a proper remedy where the allegations of the amended complaint fail to show a clear legal right to a Writ of Mandamus.

The trial court, on April 22, 1968, granted the petition to dismiss and this appeal followed.

The above facts have been the subject of much litigation beginning in 1962. Numerous hearings and appeals have been held and this court on February 10, 1967, affirmed an order of ouster in a Quo Warranto proceedings. (People ex rel. Henderson v. Redfern, 75 Ill App2d 196, 220 NE2d 323.)

Paragraph 14 of chapter 112 (Ill Rev Stats 1967, c 112, par 14) provides as follows:

"The Court shall determine and adjudge the rights of all parties to the proceeding. In case any person or corporation against whom such complaint is filed is adjudged guilty as charged in the complaint, the Court may give judgment of ouster against such person or corporation from the office or franchise, and fine such person or corporation, and also give judgment in favor of the relator for the cost of the prosecution: Provided, that instead of judgment of ouster from a franchise for an abuse thereof, the

court may fine the person or corporation found guilty in any sum not exceeding $25,000.00 for each offense. When judgment is given for any defendant, such defendant shall recover costs against the relator."

██ It is clear from a reading of the Statute that the imposition of a fine is a discretion that is granted to the Court and it is equally apparent that the Court may give judgment of ouster against a person *and* may or may not impose a fine.

It is obvious that the State's Attorney might request a fine but this is a purely discretionary act and not a duty imposed on the State's Attorney.

The amended complaint herein is based upon the assumption that since the Statute authorized the optional imposition of a fine, the State's Attorney has a duty to seek a fine.

The amended complaint also alleges a duty on the part of the State's Attorney to recover monies paid to Mr. Redfern during his term of office as County Superintendent of Highways. However, this amended complaint fails to allege any facts from which these conclusions are drawn.

By statute the County Boards are charged with the obligation of expending county funds in a proper manner and any duty to recover funds improperly paid out would seem to lie within their responsibility.

██ A person seeking a suit of mandamus to command an officer to perform a duty must show not only a clear right for the relief asked by allegation of specific facts, (People ex rel. Thomas v. Board of Education of City of Chicago, 40 Ill App2d 308, 188 NE2d 237) but must also show a duty on the part of the respondent by allegations of material facts, and mere conclusions do not suffice. (People ex rel. Koester v. Board of Review of Cook County, 351 Ill 301, 184 NE 325, cert den 289 US 760.)

Appellant implies that a mandate was issued by this Court in a previous decision to seek a mandamus action, but a search of the record reveals no such mandate.

■ Mandamus is an extraordinary remedy and not a proper action to review the performance of an official act involving the exercise or failure to exercise judgment or discretion or to direct or control a court in any matter in which the court has power to decide.

■ The courts of our state have uniformly held that where discretion is conferred on public agents or officers, their acts in the lawful exercise of that discretion cannot be controlled by mandamus.

■ Mandamus will lie in a proper case to compel an officer to proceed with the exercise of discretion but not to compel him to act in a certain manner while exercising the discretion. (People ex rel. Brignal v. Lewe, 383 Ill 549, 50 NE2d 577.) The basic requirement for a Writ of Mandamus is the right to the performance of a specific act as distinguished from a general course of conduct. The act must be one in which the officer has no discretion but to perform. The complaint must show a clear right on the part of the applicant and an equally clear duty on behalf of the respondent.

■ The record in our case is deficient in both areas and does not set forth facts alleging either a right of the petitioner or definitive duty on the part of the defendant.

Many mandamus cases are appealed on the point of whether the act commanded is discretionary but on review our courts have shown a semantic confinement that would encourage the practitioner to have confidence that he could show in his case that there is no discretion and that the court will not be substituting its judgment for that of the officer. (People ex rel. Town Court of Cicero v. Harrington, 21 Ill2d 224, 171 NE2d 647.)

141

Most of the allegations in the amended complaint are conclusions, irrelevant and repetitious and serve no useful purpose in a determination of the issues in this appeal. Dismissal by the trial court is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.