GERARD E. TANNER, Plaintiff-Appellant, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant-Appellee.

Fourth District   No. 13740

Opinion filed May 16, 1977.

Korfist, Schwarz & Early, Ltd., of West Dundee (John F. Early, of counsel), for appellant.

Franklin, Flynn & Palmer, of Champaign (James J. Costello and Timothy Madigan, both of Office of University Counsel, and Charles L. Palmer, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The plaintiff, Gerard E. Tanner, was a Ph.D. candidate in the Department of Business Administration at the Champaign-Urbana campus of the University of Illinois. Plaintiff's major concentration was in the area of Management Science, an area in which he had completed the required course work and in which he had submitted an original doctoral

dissertation titled, "Performance Modeling with Time-shared Computers." Plaintiff was also employed by the University as a graduate assistant to the assistant professor in the Department of Business Administration.

For the purposes of this appeal, we deem the following well-pleaded facts to be correct. A thesis committee composed of five professors from the Department was formed to evaluate plaintiff's dissertation and to conduct comprehensive oral and written examinations of the plaintiff. In December 1972, plaintiff completed the written examinations submitted by two members of the committee and, in March 1973, he completed a written examination submitted by a third member of the committee. Although plaintiff completed his oral examinations and submitted his dissertation to a committee member in August 1973, he was informed in December 1973 that he would have to be re-evaluated in a single, written examination. Plaintiff alleges that he agreed to take the single examination, but that the University thereafter informed him that the examination would be in two parts, both oral and written.

In June 1975, plaintiff was informed by George Russell, vice chancellor and dean of the Graduate College, that the thesis committee, the examinations and dissertation submitted by plaintiff were all unacceptable because the committee was never formally recognized by the Graduate College, and that he would have to be re-evaluated.

Thereafter, on July 25, 1975, plaintiff commenced this action in the Circuit Court of Cook County seeking a writ of mandamus compelling the University to issue him a Ph.D. degree in business administration, or alternatively, $100,000 damages for breach of an implied contract to issue the degree. The University was granted a venue transfer to the Circuit Court for the Sixth Judicial Circuit, Champaign County, on September 29, 1975, and on February 13, 1976, that court dismissed the complaint, finding that no set of facts could be proved to support plaintiff's stated theories of mandamus and contract.

■■ ■ Mandamus is an extraordinary remedy and should not issue unless the plaintiff demonstrates a clear right to the writ and a clear obligation on the defendant to perform the act sought to be performed. (*People ex rel. Hamer v. Board of Education* (1974), 22 Ill. App. 3d 130, 135, 316 N.E.2d 820, 825; *People ex rel. McGrady v. Carmody* (1968), 104 Ill. App. 2d 137, 141, 243 N.E.2d 19, 21-22.) Although we recognize that the University is under a discretionary and not a mandatory duty to issue degrees to persons participating in its curricula (section 10 of the Act providing for the University of Illinois (Ill. Rev. Stat. 1975, ch. 144, par. 31)), the University may not act maliciously or in bad faith by arbitrarily and capriciously refusing to award a degree to a student who fulfills its

degree requirements. *Connelly v. University of Vermont* (D.C. Ver. 1965). 244 F. Supp. 156, 159.

In *Connelly*, the plaintiff was a dismissed medical student seeking readmission to the University after being dismissed for failing 25 percent or more of his third-year major courses. The plaintiff alleged that he was ill for approximately one month during which time he missed parts of a course in pediatrics-obstetrics. Upon his recovery and return to class, the pediatrics-obstetrics teacher allegedly refused to give plaintiff a passing grade regardless of the quality of his work. In denying a motion to dismiss for failure to state a claim upon which relief can be granted, the court stated:

> "Where a medical student has been dismissed for a failure to attain a proper standard of scholarship, two questions may be involved; the first is, was the student in fact delinquent in his studies or unfit for the practice of medicine? The second question is, were the school authorities motivated by malice or bad faith in dismissing the student, or did they act arbitrarily or capriciously? In general, the first question is not a matter for judicial review. However, a student dismissal motivated by bad faith, arbitrariness or capriciousness may be actionable." 244 F. Supp. 156, 159.

■■ In this case, the trial court expressly found that "* * * no set of facts stated on amendment of Plaintiff's Complaint would state a cause of action under the theory of Mandamus." In view of *Connelly*, we disagree with the trial court's conclusion and we remand the cause to the trial court for repleading on plaintiff's mandamus theory.

In response to plaintiff's alternative prayer for damages on a theory of implied contract, the University contends that it is an arm of the State of Illinois and that it can only be sued for money damages in the Illinois Court of Claims pursuant to section 8(b) of the Court of Claims Act (Ill. Rev. Stat. 1975, ch. 37, par. 439.8(b)). To support this contention, the University relies on *People ex rel. Maciuba v. Cheston* (1974), 25 Ill. App. 3d 224, 226, 323 N.E.2d 40, 41, which holds that a suit is against the State if it could control the action of the State or subject the State to liability.

■■ This court recently held that a State university and the Board of Governors of State Colleges and Universities are arms of the State and not autonomous or independent of the State. (*Kane v. Board of Governors* (1976), 43 Ill. App. 3d 315, 356 N.E.2d 1340.) Suits against such defendants must therefore be filed in the court of claims. Our *Kane* opinion, however, distinguishes language from *Board of Trustees v. Industrial Com.* (1969), 44 Ill. 2d 207, 212, N.E.2d 522, which states:

> "In the sense that it is a department or branch of the State government, the University of Illinois is not an agency or

684

instrumentality of the State." (44 Ill. 2d 207, 212, 254 N.E.2d 522, 525.)

In *Kane*, we stated:

"\* \* \* the principal thrust of *Trustees* was directed at the problem of whether workmen's compensation cases involving State employees should terminate at the Industrial Commission \* \* \*. We are convinced that Trustees did not hold that the University of Illinois was not an arm of the State of Illinois." 43 Ill. App. 3d 315, 322, 356 N.E.2d 1340, 1345.

■■ Since the plaintiff in the instant case is attempting to hold the State liable for money damages on a theory of implied contract, we hold that the plaintiff's contract claim against the State was improperly filed in the circuit court.

Reversed in part; affirmed in part. Remanded with directions.

HUNT and MILLS, JJ., concur.