**Regina Wai–Ling CHENG**

v.

**The STATE OF ILLINOIS, Alan J. Dixon, Secretary of State as Secretary of the State of Illinois.**

No. 77 C 1519.

United States District Court,
N. D. Illinois, E. D.

Oct. 25, 1977.

Syed Iqbal Jafree, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., Chicago, Ill., for defendants.

MEMORANDUM OPINION

FLAUM, District Judge.

The instant action involves a challenge by plaintiff, Regina Wai-Ling Cheng,[1] to the provision of the Illinois Revised Statutes dealing with the qualifications for no-

1. By earlier order of this court, a second plaintiff, Syed Iqbal Jafree, was dismissed from this cause since he had already become a United States citizen and this suit for injunctive and declaratory relief was moot as to him. *Regina Wai-Ling Cheng v. Illinois,* No. 77 C 1519 (N.D. Ill. September 26, 1977). Mr. Jafree has now sought to amend his complaint to seek compensatory damages from defendants. However,

since Mr. Jafree is suing the State of Illinois, as well as Mr. Dixon in his capacity as Secretary of State, the doctrine of sovereign immunity bars monetary relief in this case. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Accordingly, Mr. Jafree's motion to amend is granted and his claim for compensatory damages is dismissed.

taries public. Plaintiff[2] seeks declaratory and injunctive relief[3] barring defendants from enforcing that provision of Ill.Rev. Stat. ch. 99, § 1 which provides:

The Secretary of State may appoint and commission as notaries public as many persons resident in a county in this State . . . as he may deem necessary, but *no person shall be appointed a notary public who is . . . not a citizen of the United States* . . . .

Plaintiff is a resident of Illinois and she is a duly admitted resident alien in the United States. She has on several occasions applied to the Secretary of State of Illinois to become a notary public but on each occasion she has been rejected upon the sole ground that she was not a citizen of the United States.

██ It is well established that the equal protection clause of the fourteenth amendment extends its protection to aliens residing in the United States and that such "persons" may not be deprived of the equal protection of the laws. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). Moreover, the Supreme Court has held that "classifications based on alienage, like those based on nationality, or race, are inherently suspect and subject to close judicial scrutiny." *Graham v. Richardson*, 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971) (footnotes omitted).

██ The issue raised in this case on plaintiff's motion for summary judgment, whether the State of Illinois can discriminate against resident aliens in making individuals notaries public, is controlled by *Sugarman v. Dougall*, 413 U.S. 634, 93 S.Ct.

2842, 37 L.Ed.2d 853 (1973). In *Sugarman*, the Supreme Court invalidated a provision of the New York Civil Service Law which provided that only United States citizens could hold permanent positions in the competitive class of the state civil service. Although the Court recognized that a state has a substantial "interest in establishing its own form of government, and in limiting participation in that government to those who are within 'the basic conception of a political community.'" *Sugarman v. Dougall, supra* at 642, 93 S.Ct. at 2848, *quoting Dunn v. Blumstein*, 405 U.S. 330, 344, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), the Court also noted that strict scrutiny must be employed to assure that the means needed to secure the state's ends are not imprecise. Thus, the Court stated, the New York statute:

imposed ineligibility . . . to the "sanitation man, class B," . . . to the typist, and to the office worker, as well as to the person who directly participates in the formulation and execution of important state policy. ·

413 U.S. at 643, 93 S.Ct. at 2848.

In the case at bar, it cannot be reasonably argued that the position of notary public is one which is involved in "important state policy." Rather, notaries public perform solely ministerial acts such as the taking of oaths. *Cf. In re Griffiths*, 413 U.S. 717, 724, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973). Accordingly, since the State of Illinois has alternate means of protecting its interests in assuring the loyalty of notaries public,[4] the citizenship requirement in Ill.Rev.Stat. ch. 99, § 1 cannot pass constitutional muster. *Accord, Taggart v. Mandel*, 391

---

2. Although, in the caption of plaintiff's complaint she seeks to represent all persons similarly situated with her, there are no class allegations in the complaint and this court, on its own motion, declines to certify this suit as a class action.

3. Plaintiff also seeks "symbolic" damages but since she does not allege any actual damages,

and for the reasons stated in note 1 supra, this claim is dismissed.

4. Thus notaries public must present a bond and take an oath of office and they are civilly liable for damages for failure to perform their duties. Ill.Rev.Stat. ch. 99, §§ 4, 4a.

F.Supp. 733 (D.Md.1975) (3-judge court) (invalidating Maryland's citizenship requirement for notaries public).

Therefore, Ill.Rev.Stat. ch. 99, § 1 is hereby declared void and unconstitutional as violative of the equal protection clause of the fourteenth amendment to the extent it makes citizenship a requirement for becoming a notary public. Defendants are hereby enjoined from enforcing that provision and are prohibited from rejecting an application to become a notary public solely on the ground that the applicant is an alien.[5] Plaintiff's motion for summary judgment, there being no genuine issue of material fact, is granted.

It is so ordered.

---

5. Of course, this court does not order defendants to grant plaintiff's application for a position as notary public. Rather, defendants simply may not deny her application because of her alienage. *See Sugarman v. Dougall,* 413 U.S. 634, 639, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973).