(No. 78-CC-1103—■
GERARD E. TANNER, Claimant, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed May 9, 1989.*

*Opinion upon Denial of Petition for Rehearing filed December 7, 1990.*

ERWIN, KIRTLEY & LIETZ, LTD., for Claimant.

THOMAS MAMER & HAUGHEY, for Respondent.

## OPINION

RAUCCI, J.

Claimant brings this action for an alleged breach of contract against the University of Illinois because of the failure of the University to grant him the degree of Doctor of Philosophy (Ph.D.).

Claimant was accepted in September of 1971 as a graduate student in the field of Management Science. The road to the Ph.D. degree encompassed (1) the successful completion of course work, (2) completion of preliminary examinations, and (3) preparation and defense of a thesis topic and dissertation.

Claimant maintains that he successfully completed all three (3) stages. The Respondent maintains that he successfully completed only the first stage.

The required course work was completed by Claimant in January 1973. The usual comprehensive examination of course work was waived. Graduate student handbooks during the years Claimant was in this

program refer to both written and oral preliminary examinations as necessary to obtain the degree of Doctor of Philosophy in business. Claimant has been required to take both a written and oral preliminary examination. Oral examinations, as a part of the preliminary examinations, have always been required of students in Management Science.

The purpose of a preliminary examination committee is to determine whether the student has demonstrated his competence to be admitted to candidacy for the dissertation phase of the Ph.D. degree program. In 1971, in the Management Science Group, the preliminary examination consisted of both written and oral examinations before the preliminary examination committee.

The Claimant selected his preliminary examination committee consisting of Professors Marathe, Rom and Roberts and the committee came together informally about December of 1972. Of the three professors, only Dr. Roberts was still at the University of Illinois at the time of trial and is currently a professor in the Department of Business Administration. The preliminary examination committee gave the Claimant a written preliminary examination in December 1972 and March 1973. The members of his preliminary examination committee testified that he did not do well on this examination; however, since it was not a pass/fail examination, the Claimant was allowed to continue to the oral portion of the examination process.

During attempts to schedule the oral examination, Claimant was working in Chicago, pursuant to permission from the graduate school, and was not available most of the time. Professor Roberts was also out of town during the summer of 1973.

The first oral examination was held August 25, 1973. Claimant could not answer some of the questions and testified that his mind went blank. Claimant did not feel he had performed satisfactorily and neither did his preliminary examination committee. However, his committee did not fail him and decided to give him another opportunity because they could not pass him. At the second oral examination held in October 1973, Claimant did even worse than on the first oral examination. Claimant did not perform well enough to be passed by the committee. The examination was again adjourned and the committee decided to give him yet another opportunity to show he was qualified. At the second oral examination, Claimant claimed that Professor Roberts mistreated him and acted in a bizarre fashion. The professors who were present and made up the preliminary committee denied these accusations.

The preliminary examination committee still did not fail Claimant, but decided to give him another chance. Claimant was offered an alternative to another oral examination. He could prepare a paper and present it orally on either one of two selected topics before a graduate seminar in Management Science. Claimant refused this offer.

Claimant believed that Professor Roberts was hindering his progress and complained to Professor Uhl, department head, and requested the removal of Professor Roberts from the preliminary examination committee. Professor Roberts was removed and replaced with Professor Zangwell, who was apparently satisfactory to the Claimant.

The Respondent continued to exhaustively cooperate with Claimant in the desire to allow him to complete his examinations. Because of Claimant's attitude, the

relationship between him and Respondent deteriorated to the point where Claimant filed a lawsuit, despite numerous efforts by Respondent to accommodate Claimant.

The examination committee reported to the graduate college October 21, 1975, that Claimant not be recommended as a suitable candidate for the doctorate degree and that he had failed his preliminary examinations. Claimant was so notified October 27, 1975, by Professor Uhl, department head.

A *mandamus* suit tried in the Circuit Court of Champaign County alleged the existence and breach of an agreement between Claimant and the University of Illinois. This complaint further alleged that the University abused its discretion and acted arbitrarily and capriciously in failing to award the degree. The complaint further alleged that the University failed to perform under the terms of its agreement with Claimant. Circuit court Judge James N. Sherrick found and ordered that Claimant was required to pass the preliminary examination before becoming a candidate for obtaining the Doctor of Philosophy degree sought. He further found and ordered that Claimant did not show that he successfully completed the oral preliminary examination and was a successfully competent candidate for the Ph.D. degree. Judge Sherrick also found that the University did not act in bad faith in refusing to award Claimant the Ph.D. degree in Business Administration. The *mandamus* action was dismissed.

The record before this Court includes the record in the circuit court *mandamus* case and the appellate court record, as well as the appellate court opinion in *Tanner v. Board of Trustees of the University of Illinois* (1984), 121 Ill. App. 3d 139, 459 N.E.2d 324 (*Tanner II*).

Additionally, depositions, transcripts, exhibits and filings of the parties comprise the record which exceeds two feet. After examination of the record, we conclude that the claim should be dismissed.

The record establishes clearly that the heart of this dispute is Claimant's inability to comply with the University's procedures and practices.

Whether those procedures and practices are perfect or meet Claimant's sense of "fairness" is not relevant. The General Assembly has empowered the University's board of trustees to issue degrees "on recommendations of the faculty" or "such as the trustees may deem appropriate." (Ill. Rev. Stat. 1979, ch. 144, par. 31.) This provision, which has been in our statutes unchanged since 1877, has been interpreted as conferring a discretionary and not mandatory duty to issue degrees to persons participating in its curriculum. In the absence of malicious conduct, or arbitrary and capricious action, Claimant cannot recover. We find that the facts in this case do not constitute malicious conduct or arbitrary and capricious action. *Tanner v. Board of Trustees of the University of Illinois* (1977), 48 Ill. App. 3d 680, 363 N.E.2d 208 (*Tanner I*).

Like the trial judge in *Tanner II*, who stated:

"I think the evidence supports the University's position that actually he had not done well; he had not indicated on those exams that he was a competent candidate for the Ph.D. degree. * * * I think the evidence indicates the University did not act in bad faith. I don't think they arbitrarily refused to award the degree. In fact, I think if the University is to be criticized, it's for being that lenient in offering a degree and you begin to wonder, well, just how important * * * or what does a Ph.D. degree mean if you can get it maybe in this fashion."

In affirming the trial court in *Tanner II* ((1984), 121 Ill. App. 3d 139 at 141, 143, 459 N.E.2d at 326-27), the appellate court stated:

"The evidence showed that the program for obtaining a degree of Doctor of Philosophy usually has three stages. * * * In the second stage, the candidate undergoes preliminary examinations to determine whether the candidate is knowledgeable in his selected field and likely to be able to write a worthwhile thesis * * *.

* * *

Here, plaintiff admitted at trial that before he started the preliminary examination process, the faculty had explained to him and he understood that part of the preliminary examination would be oral. He proceeded with the preliminary examination process without complaint as to this requirement and the faculty continued to work with him on this basis. Thus, any original contract between the parties that included the terms of the catalog was modified by plaintiff's tacit assent to the proposed procedure. Substantial evidence was presented that in practice the department of Business did require an oral examination as part of the preliminary examination. On the basis of the foregoing evidence the trial court (1) did not abuse its discretion in finding that defendant did require oral examination as part of the preliminary examination, and (2) was not prohibited from imposing the requirement."

While Respondent has urged that the doctrine of collateral estoppel compels us to accept these prior findings, we have made our own examination of the record in those cases and the instant one. We come to the same conclusion as the circuit and appellate courts.

It is therefore ordered, adjudged and decreed that this claim is dismissed and forever barred.

## OPINION UPON DENIAL OF PETITION FOR REHEARING

RAUCCI, J.

This matter comes before us on the Claimant's petition for rehearing.

The petition for rehearing asserts that (1) the Claimant's inability to access the Commissioner's Report submitted to us prior to our opinion constitutes a denial of due process; (2) that our opinion failed to address the issues raised by Claimant in his brief, and that such failure "denies the Claimant the ability to determine

whether or not the merits of his claim were addressed" and that such denial constitutes a denial of due process; and (3) that specific findings of fact were not made.

Claimant did not seek oral argument on the merits of his claim prior to our opinion although 74 Ill. Adm. Code 790.210 provides for such argument by indicating the request on the party's brief. He did, however, seek oral argument on the petition and such argument was granted and heard. Claimant and Respondent also were granted leave to file additional written memoranda after oral argument.

As to Claimant's first assertion, he has neither a statutory nor constitutional right to review the Commissioner's Report. (*Starnowski v. License Appeal Com'm. of the City of Chicago* (1981), 101 Ill. App. 3d 1050, 428 N.E.2d 1102.) As in *Starnowski*, we are not bound by the Commissioner's Report, which is nothing more than a recommendation and as our opinion recited, it was based upon our examination of the entire record. Claimant has cited no case authority for his proposition, and we are unaware of any such authority.

As to his second contention, our opinion sufficiently addresses the issues raised, and Claimant has not demonstrated "points supposed to have been overlooked or misapprehended by the Court" that would result in the granting of his claim.

Claimant has asserted that we have decided this case as if it were founded in *mandamus* rather than breach of contract. Claimant is mistaken. Our opinion began "Claimant brings this action for an alleged breach of contract * * *." and thereafter stated "(a)fter examination of the record, we conclude that the claim should be dismissed."

We note that while not raised in his petition for rehearing, Claimant asserts in his post-oral argument memorandum that we have "no authority to interpret the law." In that regard, he asserts that we adopted the *mandamus* standard rather than the breach of contract standard. Inasmuch as this ground was not raised in the petition for rehearing, it will not be considered.

Similarly, Claimant raises, after oral argument, and not in his petition for rehearing, alleged violations of the Administrative Procedures Act (Ill. Rev. Stat. 1987, ch. 127, pars. 1001-1020.) Inasmuch as this matter was not raised in the petition for rehearing, it will not be considered.

In conclusion, we have re-examined the record and our opinion. Our conclusion is that Claimant was required, as found by the appellate court and quoted by us (p. 5), to pass the preliminary examination and that an oral examination was a component of that preliminary examination. Claimant did not successfully comply with that requirement.

It is therefore ordered that the petition for rehearing is denied.