**Herbert HARVIS, Father and Next Friend of Carl A. Harvis, Missing and Presumed Dead, Plaintiff,**

v.

**The BOARD OF TRUSTEES OF the UNIVERSITY OF ILLINOIS, and Kenneth Rineheart, Defendants.**

**No. 86 C 10304.**

United States District Court,
N.D. Illinois, E.D.

June 8, 1990.

Richard L. Steagall, Nicoara & Steagall, Peoria, Ill., Avram G. Adler, Adler & Kops, Philadelphia, Pa., Michael B. Erp, Katz, Friedman, Schur & Eagle, Chicago, Ill., for plaintiff.

Earl L. Neal, Richard F. Friedman, Earl L. Neal & Associates, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the Court is the motion of the defendants, the Board of Trustees of the University of Illinois (the "Board of Trustees") and Kenneth Rinehart,[1] to dismiss plaintiff's two count third amended complaint pursuant to Fed.R.Civ.P. 12(b)(6).

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207

---

1. There is an inconsistency in the spelling of the individual defendant's last name. In the case caption of the third amended complaint it is spelled Rineheart. Elsewhere it is spelled "Rinehart." The court will use "Rinehart".

(7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.,* 795 F.2d 591, 594 (7th Cir.1986).

The case arises out of a scuba diving accident in the Atlantic Ocean. The plaintiff's decedent, Carl Harvis, a student at the University of Illinois, was a member of a crew of a vessel owned by the University of Illinois. Diving operations were conducted from the vessel as part of a course on marine life offered by the University of Illinois. Kenneth Rinehart, a professor at the University of Illinois, as the instructor of the marine life course, was responsible for supervising the diving operations from the vessel. Carl Harvis is missing and presumed to be dead, having last been seen during the diving operations conducted from the vessel. The plaintiff, who has been appointed as executor of Carl Harvis' estate, alleges negligence and seeks a judgment for monetary damages for wrongful death. His complaint pleads causes of action under the Jones Act, 46 U.S.C.App. § 688, the Death on the High Seas Act, 46 U.S.C.App. § 761 et seq. and general maritime law.

The Board of Trustees, the defendant in Count I, moves to dismiss based on two ostensibly separate, but closely interrelated grounds—the doctrine of sovereign immunity and the eleventh amendment.

Sovereign immunity protects sovereign states from suits generally. The University of Illinois and its Board were created pursuant to "An Act to provide for the organization and maintenance of the University of Illinois," approved February 28, 1867 and subsequent acts. *See* Ill.Rev. Stat. ch. 144, ¶¶ 22–48.8 (1985). The Board of Trustees consists of the Governor of the State of Illinois, two non-voting student members and nine trustees elected at statewide general elections. *See* Ill.Rev.Stat. ch. 144, ¶ 41 (1985). The Board of Trustees

has been held to be an instrumentality of the state and protected by the doctrine of sovereign immunity. *See Cannon v. University of Health Sciences,* 710 F.2d 351, 356 (7th Cir.1983); *Tanner v. Board of Trustees of the University of Illinois,* 48 Ill.App.3d 680, 6 Ill.Dec. 679, 281, 363 N.E.2d 208, 210 (4th Dist.1977).

The eleventh amendment to the United States Constitution[2] protects states from suit in federal courts either by their own citizens or citizens of other states. *See Hans v. Louisiana,* 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890). "[T]he significance of the Amendment 'lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III' of the Constitution." *Welch v. State Dept. of Highways and Public Transp.,* 483 U.S. 468, 107 S.Ct. 2941, 2945, 97 L.Ed.2d 389 (1987) (*quoting Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)).

In interpreting the reach of eleventh amendment, the United States Supreme Court has stated: "The rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); *see also Florida Department of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 689–90, 102 S.Ct. 3304, 3316–17, 73 L.Ed.2d 1057 (1982) (plurality opinion); *Continental Insurance Co. v. Illinois Department of Transportation,* 709 F.2d 471, 473 (7th Cir.1983); *McDonald v. State of Illinois,* 557 F.2d 596, 600 (7th Cir.1977); *Cheng v. State of Illinois,* 438 F.Supp. 917, 917 n. 1 (N.D.Ill.1977). However, a state may waive its eleventh amendment immunity and consent to suit against it in a federal court, *see Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 882, 27 L.Ed. 780 (1883), provided it does so expressly. *See Edelman,* 415 U.S. at 673, 94 S.Ct. at 1360

2. "The judicial power of the United States shall not be construed to extend to any suit, in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

(waiver only "by the most express language or by such overwhelming implications from the text ...").  In addition, Congress may abrogate eleventh amendment immunity under certain circumstances, provided it too does so expressly.  *See Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 243, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976).

■ Because the plaintiff in Count I brings a claim against an instrumentality of the State of Illinois and seeks an award of damages to be paid by the Board of Trustees from state funds, his federal suit is barred by the eleventh amendment, unless either Congress has abrogated it or Illinois has waived its sovereign immunity.

Congress did not, in enacting any of the acts under which plaintiff brings his causes of action, abrogate the eleventh amendment.  As for the plaintiff's Jones Act claim, the United States Supreme Court has specifically held such claims to be barred by the eleventh amendment.  *See Welch,* 107 S.Ct. at 2947 (plurality opinion) ("[W]e hold today that the general language of the Jones Act does not authorize suits against the States in federal court.")

Neither can plaintiff's Death on the High Seas Act and general maritime law claims escape the provisions of the eleventh amendment.  Nothing in the Death on the High Seas Act supports a finding of abrogation.  Moreover, the Supreme Court has held that: "Nor is the admiralty and maritime jurisdiction exempted from the operation of the rule. ...  [I]t seems to us equally clear that it cannot with propriety be construed to leave open a suit against a state in the admiralty jurisdiction by individuals, whether its own citizens or not." *Ex parte In the Matter of the State of New York, No. 1,* 256 U.S. 490, 497–8, 41 S.Ct. 588, 589–90, 65 L.Ed. 1057 (1921); *see also Welch,* 107 S.Ct. at 2945 n. 3 ("[I]n *Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670 [102 S.Ct. 3304, 73 L.Ed.2d 1057] (1982), eight members of the Court reaffirmed the settled rule that the Eleventh Amendment bars admiralty actions against the State or its officials seeking damages to be paid from the state treasury.")

Also illustrative is the Seventh Circuit's decision in *Williamson Towing Co., Inc. v. State of Illinois,* 534 F.2d 758 (7th Cir. 1976).  The plaintiff there had brought an action in admiralty alleging that the State of Illinois had negligently maintained a bridge across the navigable waters (failed to turn on bridge's navigation lights), causing an accident.  The *Williamson Towing* court, invoking *Ex parte In the Matter of the State of New York, No. 1,* held that the eleventh amendment barred an admiralty action in federal court against the State of Illinois.  534 F.2d at 759–60.

■ Neither has there been a waiver of sovereign immunity.  Under the doctrine of sovereign immunity, Illinois is immune from suits for damages, except if it has consented to such suits, and if it has so consented, only to the extent it has consented.  *See Edelman, supra.*  Illinois permits a suit for damages against the Board of Trustees only in the Court of Claims, not here in federal court.

The Illinois Constitution provides that: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."  Illinois Constitution Article XIII Section 4.  However, the General Assembly has chosen to maintain sovereign immunity, excepting only suits filed in the Illinois Court of Claims.

> "Except as provided in the 'Illinois Public Labor Relations Act', enacted by the 83rd General Assembly, or except as provided in 'AN ACT to create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court."

Ill.Rev.Stat. ch. 127, ¶ 801 (1985).  The Court of Claims Act provides that the Court of Claims shall have exclusive jurisdiction to hear and determine:

> "(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a pri-

vate person or corporation in a civil suit, and all like claims sounding in tort against ... the Board of Trustees of the University of Illinois ..."

Ill.Rev.Stat. ch. 37, ¶ 439.8 (1985). Moreover, the Act creating the University provides that the Board of Trustees "shall have perpetual succession, have power to contract and be contracted with, to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." Ill.Rev.Stat. ch. 144, ¶ 22 (1985); *See also* Ill.Rev.Stat. ch. 144, ¶ 307 b (1985).

Statutes providing that suits against the State of Illinois shall be heard exclusively in the Court of Claims have been consistently upheld. *See McDonald,* 557 F.2d at 600–01; *American National Bank and Trust Company v. Board of Regents,* 607 F.Supp. 845, 847–49 (N.D.Ill.1984); *Tanner,* 6 Ill.Dec. at 681, 363 N.E.2d at 210 (involving an action against the Board of Trustees); *see also Williamson Towing,* 534 F.2d at 760.

It makes no difference that plaintiff alleges admiralty claims. As noted above, the United States Supreme Court has recognized the applicability of the doctrine of state sovereign immunity in admiralty cases. *Ex parte In the Matter of the State of New York, No. 1,* 256 U.S. at 503, 41 S.Ct. at 591 ("It is not inconsistent in principle to accord to the states, which enjoy the prerogatives of sovereignty to the extent of being exempted from litigation at the suit of individuals in all other judicial tribunals, a like exemption in the court of admiralty and maritime jurisdiction.") *See also Ex parte In the Matter of the State of New York, No. 2,* 256 U.S. 503, 511, 41 S.Ct. 592, 593, 65 L.Ed. 1063 (1921).

Consequently, the court concludes that, under the doctrine of sovereign immunity and the eleventh amendment, the Board of Trustees of the University of Illinois may be sued only in the Illinois Court of Claims. Therefore, Count I must be dismissed.

■ Count II of the third amended complaint alleges a claim against Kenneth Rinehart. Rinehart asserts that this count fails to state a claim upon which relief may be granted and should be dismissed, because his actions were completely within the scope of his duty as an employee of the University of Illinois. Thus, he asserts that he is protected both by the same eleventh amendment grant of immunity and the doctrine of sovereign immunity that protects the Board of Trustees.

"[E]ven though a State is not named a party to the action, ... [a] ... suit may none the less be barred by the Eleventh Amendment." *Edelman,* 415 U.S. at 663, 94 S.Ct. at 1355. An action against an employee of a state, based upon actions within the scope of his duties as an employee of the state, is in reality an action against the state. As discussed above, where any damages would come from the state treasury, regardless of whether the defendant is a state or an officer, agent or employee of the state, the action is in reality an action for the payment of State of Illinois funds and is barred by the eleventh amendment and the principles of sovereign immunity.[3]

"... [T]he judgment may not compel the State to use its funds to compensate the plaintiff for injury. In *Edelman v. Jordan,* 415 U.S. 651 [94 S.Ct. 1347, 39 L.Ed.2d 662], the court made clear that 'a suit by private parties seeking to impose a liability which must be paid from public funds in the State treasury is barred by

---

**3.** Illinois law provides that the Board of Trustees has the authority to pay judgments against its employees.

"The Board of Trustees of the University of Illinois shall have the power to defend, indemnify, and hold harmless, in whole or in part, the University police, paid and unpaid University employees, members of the Board of Trustees, and any students, volunteer workers, or visiting faculty or professionals who are agents of the University in delivery of University programs or services, against civil suits, claims, damages, losses, or expenses rising out of statements, acts, or omissions in the discharge of their University duties." Ill.Rev.Stat. ch. 144, ¶ 28a(b) (1985). However, the applicability of statutes of this type alone is not dispositive of whether to allow an individual to cloak himself in the state's immunity. *See Duckworth v. Franzen,* 780 F.2d 645 (7th Cir. 1985).

the Eleventh Amendment.' Id., at 663 [94 S.Ct. at 1356]. See *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 [65 S.Ct. 347, 89 L.Ed. 389]."

*Treasure Salvors*, 458 U.S. at 690, 102 S.Ct. at 3317. The Court of Appeals for the Seventh Circuit has also applied this principle. *See Cannon v. University of Health Sciences*, 710 F.2d 351 (1983). *Cannon* involved a suit for damages against the Board of Trustees of the University of Illinois and other universities and individual employees of the universities. The Seventh Circuit concluded that, "The Eleventh Amendment is applicable even though [the plaintiff] has attempted to name individual representatives of the universities, as well as the institutions themselves, as defendants.... [T]he Eleventh Amendment still bars the claims for damages." 710 F.2d at 357 (*citing Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Thus, the funds of the State of Illinois are protected from claims brought in a federal court, even though the defendant may be an official, employee or agent of the State acting in his or her official capacity.

■ Plaintiff's third amended complaint did not specifically designate whether Rinehart was being sued in his official or individual capacity. It did allege, though, that Rinehart's alleged negligent conduct occurred while he was acting in the scope of his employment by the University. *See* ¶ 8. During oral argument on April 27, 1990 plaintiff sought and was given leave to amend Count II in an attempt to make it plain that his claim is against Rinehart individually. The court has reviewed the amendment. It simply consists of inserting a new paragraph, denominated 8A, which states: "Defendant, Kenneth Rinehart, is sued in his individual capacity" and specifying in the prayer for relief that damages are sought against Rinehart, "in his Individual Capacity." The specific allegations that Rinehart was acting in the scope of his employment, as well as all of the other allegations concerning the nature of the

diving operation which would support such a conclusion, remain.

The Illinois Supreme Court has recently restated the standards governing whether sovereign immunity affords an individual protection.

Whether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and relief sought. (citations omitted). Thus, the prohibition "against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." (Citations omitted). Sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority and in those instances an action may be brought in Circuit Court. (Citations omitted).

*Healy v. Vaupel*, 133 Ill.2d 295, 140 Ill.Dec. 368, 375, 549 N.E.2d 1240, 1247 (1990).

*Healy* involved an action by a student at Northern Illinois University who was a member of the University's intercollegiate gymnastics team and was injured while participating in university-sponsored gymnastic activities. She sued, not the university itself, but the athletic-directors, the gymnastics coach and the gymnastics trainer alleging that "her injuries were caused by the defendants' negligent performance of their respective job duties." 140 Ill.Dec. at 370, 549 N.E.2d at 1242.

The defendants in *Healy* moved to dismiss contending that Ill.Rev.Stat. ch. 127, ¶ 801 and ch. 37, ¶ 439.8(d), (both recited above), which convey immunity to the State and the Board of Regents of the Regency Universities System (which encompassed Northern Illinois University) applied to the individual defendants so as to deprive the circuit court of jurisdiction over the action and mandated that it be brought in the

Illinois Court of Claims. 140 Ill.Dec. at 371, 549 N.E.2d at 1243.

The *Healy* court held that sovereign immunity covered the individual defendants, because the basis for the action was the claimed negligence of the defendants in the performance of their duties as employees of the University. There were no allegations that any defendants acted outside the scope of their authority or in violation of the law. 140 Ill.Dec. at 375–76, 549 N.E.2d at 1247–48.

The *Healy* court relied, in part, on *Robb v. Sutton*, 147 Ill.App.3d 710, 101 Ill.Dec. 85, 498 N.E.2d 267 (4th Dist.1986), which was an action against an assistant dean at Southern Illinois University and alleged that the assistant dean had negligently and recklessly misrepresented that certain off-campus programs had been submitted to the Illinois Board of Higher Education for approval. Plaintiff allegedly accepted a position as a program coordinator in reliance on this representation and was terminated when his program was not approved. 101 Ill.Dec. at 87, 498 N.E.2d at 269. The *Robb* court granted the defendant's motion to dismiss based upon sovereign immunity, concluding that where

> there are (a) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State, then the cause of action is only nominally against the employee.

101 Ill.Dec. at 90, 498 N.E.2d at 272.

The major case relied upon by the plaintiff is the same as that relied upon by the plaintiff in *Healy* and found distinguishable or unpersuasive by the Illinois Supreme Court. *Madden v. Kuehn*, 56 Ill. App.3d 997, 14 Ill.Dec. 852, 372 N.E.2d 1131 (2d Dist.1978) was a wrongful death action which alleged that a physician had negligently failed to diagnose and treat a condition while plaintiff's decedent was a prison inmate. Sovereign immunity was held not to apply. The *Healy* court specifically declined to extend *Madden*.

> Essential to the court's holding in *Madden* was the view that the duty of care owed by the physician arose independently of his status as an employee of the State; that conclusion may be said to rest on the special nature of the doctor-patient relationship. We do not believe that the same conclusion may be reached here. The relationship between the plaintiff and the defendants would not have had a source outside the employment status of the defendants. Whatever duty was owed by the defendants to the plaintiff existed because of the plaintiff's status as a student and her participation in university-sponsored activities.

140 Ill.Dec. at 377, 549 N.E.2d at 1249.

As in *Healy*, there are no allegations, or even reasonable inferences, that the university employee, Rinehart, acted outside the scope of his authority or contrary to law. Plaintiff simply alleges negligence—no different in kind from that alleged in *Healy*. Similarly, the relationship between the plaintiff's decedent and Rinehart would not have had a source outside the employment status of the defendant. Whatever duty was owed by Rinehart to Carl Harvis existed because of Carl Harvis' status as a student and his participation in a university-sponsored activity—the marine life course.

Therefore, Count II, though nominally one against Kenneth Rinehart, in reality asserts a claim against the State of Illinois and must be brought in the Illinois Court of Claims.

Accordingly, defendants' motion to dismiss is granted and this action dismissed in its entirety, without prejudice to its being maintained in the Illinois Court of Claims.

IT IS SO ORDERED.